## MOORE *v.* HYDE.

MOTION FOR NEW TRIAL.—*Bill of Exceptions.*—No question can be presented to a court by a reference in a motion for a new trial to a bill of exceptions not yet filed.

SUPREME COURT.— *Evidence.*—Where the evidence is not all in the record, the Supreme Court cannot pass upon the question of the sufficiency of the evidence.

From the Clay Circuit Court.

*S. W. Curtis, W. W. Carter* and *S. D. Coffey,* for appellant.

PETTIT, J.—The appellant sued the appellee in replevin for a horse, before a justice of the peace, and on trial there was judgment for the defendant, Hyde. Moore, the plaintiff, appealed to the circuit court, where there was again, after trial by jury, judgment for the defendant, and Moore appeals to this court.

The only question in the case for a reversal arises on overruling a motion for a new trial, the causes for which are these:

" 1. That the court erred in admitting an execution to be introduced in evidence by the defendant without first showing a judgment upon which to base said execution, which was at the time excepted to, as shown by bill of exceptions No. 3.

" 2. The court erred in refusing to instruct the jury as prayed by the plaintiff, as shown in bill No. 2.

" 3. The court erred in instructing the jury as shown in bill No. 1, which was at the time excepted to.

" 4. The verdict is not sustained by the evidence.

" 5. The verdict is contrary to the evidence."

The record shows that the motion for a new trial was made and overruled on the 5th day of June, 1873, and that the bills of exceptions were not signed or filed until June 24th, 1873, nineteen days after the motion was made and overruled. As to the first, second and third causes for a new trial, we have only to say that this court has often, and

so often that we need not cite the cases, held that a reference to a bill of exceptions, which has not been filed, in a motion for a new trial, is not good, and that it is too vague, indefinite and uncertain. To hold otherwise would do injustice to the court and the opposite party by not notifying and bringing before them the precise points on which a new trial was asked. As to the fourth and fifth causes for a new trial, we need only say that the record shows that the evidence is not all before us, and we cannot therefore pass upon its sufficiency.

It shows that an execution from a justice of the peace to a constable, the defendant, was read in evidence, but it is not in the record. We cannot, therefore, pass upon the insufficiency of the evidence.

The judgment is affirmed, at the costs of the appellant.